CUAUHTEMOC ORTEGA (Bar No. 257443)
Federal Public Defender
Neha A. Christerna (Bar No. 245191)
(E-Mail:  Neha_Christerna@fd.org)
Deputy Federal Public Defender
321 East 2nd Street
Los Angeles, California 90012-4202
Telephone:  (213) 894-2854
Facsimile:  (213) 894-0081

Attorneys for Defendant
KIERNAN MAJOR

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>KIERNAN MAJOR,<br><br>Defendant. | Case No. 22-387-DSF<br><br>**REPLY TO GOVERNMENT'S SUBMISSION OF RESTITUTION REQUESTS**<br><br>**Hearing Date: 3/18/24** |

Defendant, Kiernan Major, by and through his attorney of record, Neha A. Christerna, hereby files his reply to the Government's Submission of Restitution Request ("Gov's Request").

                              Respectfully submitted,

                              CUAUHTEMOC ORTEGA
                              Federal Public Defender

DATED: March 14, 2024           By  */s/ Neha A. Christerna*
                                                   NEHA A. CHRISTERNA
                                                   Deputy Federal Public Defender
                                                   Attorney for KIERNAN MAJOR

## **REPLY TO GOVERNMENT'S REQUEST**

### I. INTRODUCTION

On May 22, 2023, Mr. Major was sentenced to three years in prison for a violation of §875(c), threat by interstate communication. A subsequent restitution hearing was scheduled. The government is requesting restitution for Witnesses 1 and 2 I the following amounts:

    Witness 1: $15,667.68

    Witness 2: $1,908.83

The government seeks restitution for Witness 1 for moving expenses for employment, hotel and meal expenses, phone bought for Mr. Major, rideshare and unearned salary. The government is also requesting the cost of a new phone since Witness 1 felt compelled to change her number, and therapy sessions.

With respect to Witness 2, the government is requesting restitution for Witness 2 for the cost of moving, a security system, a second move, and therapy sessions.

Mr. Major will agree to pay restitution for the therapy costs related to Witness 1 and 2. Mr. Major contests the other costs requested by the government.

### II. REPLY

When identifiable victims have suffered pecuniary loss as the result of an offense, the Mandatory Victims Restitution Act ("MVRA"), codified at 18 U.S.C. § 3663A, requires the sentencing court to order the defendant to pay restitution for that loss. 18 U.S.C. § 3663A(a)(1), (c)(1)(B).

The MVRA defines "victims" as persons "directly and proximately harmed as a result of the commission of an offense" at issue. 18 U.S.C. § 3663A(a)(2). When the offense "involves as an element a scheme, conspiracy, or pattern of criminal activity," the definition of "victims" includes persons "directly harmed by the" conduct "in the course of the scheme, conspiracy, or pattern." *Id.*

"The goal of restitution under the MVRA is to make the victim whole." *United States v. Anderson*, 741 F.3d 938, 951 (9th Cir. 2013) (citing *United States v. Yeung,* 672 F.3d 594, 600–01 (9th Cir. 2012)). As such, the Ninth Circuit has "emphasized that the amount of restitution under [§ 3663] is limited to the victim's *actual losses.*" *United States v. Fu Sheng Kuo*, 620 F.3d 1158, 1164 (9th Cir. 2010) (quotations omitted) (emphasis in original); *see also Hughey v. United States,* 495 U.S. 411, 416 (1990) (observing that restitution "is intended to compensate victims only for losses caused by the conduct underlying the offense of conviction"). "Accordingly, 'the district court may not order restitution to reflect Defendants' ill-gotten gains.'" *Anderson*, 741 F.3d at 951 (quoting *Fu Sheng Kuo*, 620 F.3d at 1166). Also, any loss calculation should account for the value of any property returned to the putative victims. 18 U.S.C. § 3663A(b)(1)(B)(ii).

The loss must be sufficiently connected to the offense. "[R]estitution 'may be awarded only for losses for which the defendant's conduct was an actual *and* proximate cause.'" *United States v. Swor*, 728 F.3d 971, 974 (9th Cir. 2013) (quoting *United States v. Kennedy,* 643 F.3d 1251, 1261 (9th Cir. 2011) (internal quotation marks omitted) (emphasis added in *Swor*)). Put differently, "the government must 'show not only that a particular loss would not have occurred but for the conduct underlying the offense of conviction, but also that the causal nexus between the conduct and the loss is not too attenuated (either factually or temporally).'" *United States v. Wong*, No. 12-0483, 2014 WL 2700925, at *1 (N.D. Cal. June 13, 2014) (quoting *Swor,* 728 F.3d at 974) (internal quotations and citations omitted).

Ultimately, "[t]he government has the burden of proving the amount of the loss by a preponderance of the evidence." *Anderson*, 741 F.3d at 951 (citing *Yeung,* 672 F.3d at 601 (internal citations omitted)); *see* 18 U.S.C. § 3664(e). The court "should not rely on its calculation of the loss under the Sentencing Guidelines to determine the amount of restitution as the two measures serve different purposes and utilize different calculation methods." *Anderson*, 741 F.3d at 952 (citing *United States v. Gossi,* 608

F.3d 574, 580–82 (9th Cir. 2010) ("Sentencing, unlike restitution, focuses on the criminal defendant.. . . Restitution clearly focuses on the *victim,* not the individual defendant") (emphasis added)). "[A] 'back-of-the-envelope' approach simply will not do." *Anderson*, 741 F.3d at 951–52. While "the MVRA affords the district court a degree of flexibility in assessing the victim's actual losses[,] . . . 'the district court may utilize only evidence that possesses sufficient indicia of reliability to support its probable accuracy.'" *Id.* (quoting *Waknine,* 543 F.3d at 557).

      Mr. Major does not object to the Court ordering restitution for Witness 1 and Witness 2 to cover all the therapy bills. Mr. Major disputes the following whether in entirety or whether the amount should be reduced.

      1.  <u>Therapy Bills</u>

      As stated above, Mr. Major does not object to restitution with respect to the therapy bills.

      2.  <u>Moving Expenses</u>

      Witness 1 is seeking moving expenses related to her employment with Mr. Major. This cost is unrelated to the offense at issue, which is threats, not fraud. This Mr. Major should not be ordered to pay for this move.

      Witness 2 is seeking moving expenses for two separate moves. The first being due to being unsafe and the second due to feeling safe. This amount should be reduced to a single move.

      3.  <u>Hotel, Meal Expenses, Rideshares and Tracphone</u>

      The government seeks restitution for Witness 1, for reimbursement for hotel, meals, rideshares, and a tracphone. These expenses occurred during the course of Mr. Major's professional relationship with Witness 1. Mr. Major was not charged or convicted of fraud and therefore, these expenses are not connected to the offense. Moreover, Witness 1 was residing with Mr. Major during this time. There is no evidence to differentiate which expenses belong to Witness 1, to Mr. Major or whether they were collective expenses.

    4. <u>Unpaid Wages</u>

Witness 1's employment arrangement is not at issue in this case and is not related to the offense. The government points to no evidence that unpaid wages are part of a threats offense. Thus, this was a separate issue that should not be part of the restitution order.

    5. <u>Security System</u>

Mr. Major was convicted of making threats through interstate communication. The facts of the case indicate that the threats were limited to electronic threats and there was no physical violence or physical stalking. Therefore, a security system should not be calculated as part of the loss.

    6. <u>New phone</u>

The government is seeking restitution for Witness 1 to change their number and get a new phone. It is not necessary to purchase a new phone to change a phone number. Therefore, the amount should be reduced to only the amount it takes to change a phone number.

### III.    CONCLUSION

For all the reasons stated above, Mr. Major respectfully requests that the Court order restitution in the following amounts:

Witness 1: $4,425

Witness 2: $990

This amount would cover therapy sessions. Mr. Major is currently serving three years

//

//

//

//

//

//

1 | prison and will have to rebuild his work life when he is release. The Court should set a
2 | payment schedule of $50/month, and interest should be waived, 18 U.S.C.
3 | §3612(f)(3)(A).

Respectfully submitted,

CUAUHTEMOC ORTEGA
Federal Public Defender

DATED: March 14, 2024        By  */s/ Neha A. Christerna*
NEHA A. CHRISTERNA
Deputy Federal Public Defender
Attorney for KIERNAN MAJOR